RICHARD J. R. CAINES *vs.* CAINES COLLEGE OF PHYSICAL
CULTURE, INC.

Suffolk.   November 20, 1923. — January 7, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Name.  Trade Name.  Corporation,* Name.  *Equity Jurisdiction,* To restrain
use of name.

A master heard a suit in equity to enjoin a corporation, which had as a part of
its corporate name the surname of the plaintiff, from using that surname,
and found in substance that the corporation was formed in 1907 under the
direction of the plaintiff to take over a business formerly conducted by him
under his own name, and that the name then adopted by the corporation
included the plaintiff's surname and was very similar to the name under
which the plaintiff formerly had conducted the business;  that the plaintiff
promoted the business of the corporation under such corporate name;

that the plaintiff's surname had been identified with the pursuit of the corporation's business and was used with the approval and at the direction of the plaintiff, and that the public understood that it indicated the business conducted by the defendant; that stock certificates of the corporation bore the name of the plaintiff as president and treasurer, and that he promoted the sales of such certificates to the general public; that the plaintiff entered the army in 1917; that in 1919 he returned to the employment of the corporation; and that in 1920 he was discharged by the corporation but still retained his interest as a stockholder. *Held*, that it would be unjust and contrary to equity and fair dealing to give to the plaintiff the relief he asked, and that a decree dismissing the bill was warranted.

BILL IN EQUITY, filed in the Superior Court on March 16, 1921, seeking to enjoin the defendant from using in its business the name of the plaintiff either alone or in connection with any other name or designation or as a part of its corporate name or as a trade name or otherwise; and for damages.

The suit was referred to a master. Material facts found by the master are described in the opinion. No exceptions to the master's report were filed by either party.

The suit was heard upon the pleadings and the master's report by *Braley*, J., by whose order there were entered an interlocutory decree confirming the report and a final decree dismissing the bill with costs. The plaintiff appealed.

G. L. c. 110, § 4, reads as follows:

" A person who conducts business in the Commonwealth shall not assume or continue to use in his business the name of a person formerly connected with him in partnership or the name of any other person, either alone or in connection with his own or with any other name or designation, without the consent in writing of such person or of his legal representatives."

*J. B. Studley*, (*E. E. Ginsburg* with him,) for the plaintiff.
*G. R. Farnum*, for the defendant.

CARROLL, J.   The plaintiff seeks to restrain and enjoin the defendant from using in its business the name of the plaintiff, either alone or in connection with any other designation, or as a part of its corporate name, or otherwise, under G. L. c. 110, § 4, which prohibits a person conducting business in this Commonwealth, from assuming or continuing to use in his business the name of a person formerly connected with

him in partnership, or the name of any other person, without his consent in writing or the consent in writing of his legal representative. No exceptions were filed to the master's report. The plaintiff appealed from a final decree dismissing the bill.

The plaintiff was the manager of a school of physical culture in Boston. In 1904, he established a school in that city under the name of "Caines School of Physical Culture" which he conducted until 1907, when a corporation was formed under the laws of the State of Maine with a capital stock of $10,000. The name adopted was " Caines College of Physical Culture, Inc." The master finds that the corporation was formed with the knowledge and consent and under the direction of the "real parties in interest;" that at a meeting of the directors of the corporation, held fourteen days after the first meeting of the signers of the articles of association, a communication from the plaintiff to the directors was read, in which the plaintiff agreed to sell to the corporation for the sum of $9,600, payable in the capital stock of the corporation, " the business, . . . rights, franchises, and good will of the business now owned by . . . [him], known as Caines College of Physical Culture;" that this offer was accepted and certificates of stock were issued in accordance with the vote of the directors; that five days later the plaintiff was elected president, treasurer, general manager, and a director, which position he held until he entered the army and went to France in 1917; that during a part of the year 1919, he resumed his former position with the defendant company; that in 1920, he was discharged by the company but he still retains his interest as a stockholder; that the school was organized and built up during the first ten years of its existence largely through the efforts of the plaintiff, and his name has been identified with the business of the corporation; that he knew the name was to be adopted by the corporation and approved its selection.

The master also found that the plaintiff as general manager ordered and used letter heads bearing the names " Caines School of Health Exercise " " Caines 175 Massachusetts Avenue, Boston. Richard J. R. Caines, M.D., Director;"

and used in connection with the work of the school, pamphlets with the heading " Caines 175–77 Massachusetts Avenue " " Caines Health Institute; " that while the plaintiff remained with the corporation he made no objection to the use of the name, but approved of it, used the name himself and directed its use by others; that the public understood that the word " Caines " used alone or in combination with other words as hereinbefore set out, indicated the institution and business conducted by the defendant corporation; that the word " Caines " has attained a secondary meaning, separate and apart from the plaintiff as an individual, it is known to the public as designating the defendant's place of business and course of instruction, and it has acquired a valuable good will in connection with the use of its corporate name.

It was further found that during the time the plaintiff was president and treasurer all the stock certificates were signed by him; that in 1911, the capital stock was increased to $35,000, of which $25,000 was preferred. About $10,000 of the preferred was sold for cash, " in small blocks of a few shares, and most, if not all, of the sales being made through the personal effort of Dr. Caines."

From this recital of the pertinent facts found by the master, it is manifest that it would be unjust and contrary to equity and fair dealing to give to the plaintiff the relief he asks. The corporation was formed under his direction; he promoted its business under its corporate name; " Caines " had been identified with its pursuit, it was used with his approval and direction, and the public understood that it indicated the business conducted by the defendant. The stock certificates bore the plaintiff's name as president and treasurer, and he promoted the sales of these certificates to the general public.

The decree dismissing the plaintiff's bill was right, and the decree is affirmed with costs.

*So ordered.*